EX PARTE M. G. DENA AND F. ACOSTA.

No. 1355.   Decided October 18, 1911.

**Contempt—Injunction—Judgment—Commitment.**

Where it appeared that, in a contempt proceeding in the District Court for violating an injunction restraining the sale of intoxicating liquors, no judgment had been entered or writ of commitment issued during the term of court, the relator must be released.

From Bexar County.

Original habeas corpus proceeding asking release on an oral commitment for contempt of court in the District Court.

The opinion states the case.

No brief on file for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Relators were adjudged guilty of contempt in disobeying a writ of injunction issued out of the District Court of the 45th Judicial District, and their punishment assessed at three days imprisonment in the county jail, and a fine of $100 each.

This is a companion case to that of Ex Parte Eugene and Antonio Ogden, decided at this term of court, and the facts therein recited apply to this case, except that these relators were adjudged guilty of violating the injunction by selling intoxicating liquors instead of conducting a gambling house.

At the time of their confinement and suing out the writ of habeas corpus, no judgment or order had been entered in the minutes, and no writ of commitment has ever issued until this time, but the sheriff is acting upon the verbal order of the judge hearing the cause.   If the judgment had been entered and writ of commitment issued during the term of court, a different question might be presented, but as no writ has ever issued, as shown by the testimony, the sheriff would not be authorized to place relators in jail.   He must have a writ authorizing him to do so.

Because of the fact that no judgment entry is shown to have been made at the term of court, and no writ has ever issued, relators are ordered released and discharged.

*Discharged.*

Davidson, Presiding Judge, absent.